IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERBERT L. CAMPBELL, | |
| Plaintiff, | 8:24CV394 |
| vs. | |
| ROBERT B. EVNEN, Secretary of State of the State of Nebraska; | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff Herbert L. Campbell, an inmate in the custody of the Nebraska Department of Correctional Services, filed a Complaint, Filing No. 1, on October 4, 2024, and paid the full filing fee. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A. For the reasons discussed below, the Court concludes there is a lack of subject matter jurisdiction. This action, therefore, will be dismissed without prejudice and without further leave to amend.

I. SUMMARY OF COMPLAINT

Plaintiff alleges he is serving a sentence pursuant to a final judgment entered on May 23, 2002, Filing No. 1 at 4, ¶ 14, and he has "a significant and direct interest in the State's misguided and flawed plans to time-bar defendants['] motion for postconviction relief when their final judgment was entered before the enactment of . . . . 2011 L.B. 137, amending Neb. Rev. Stat. § 29-3001," Id. at 1, ¶¶ 1–2. Though not clearly alleged, the 2011 amendments to Neb. Rev. Stat. § 29-3001 to which Plaintiff refers imposed a one-year statute of limitations on the filing of motions for postconviction relief that ran from the latest of five specified dates, including, as relevant here, August 27, 2011, the effective

date of L.B. 137.  Neb. Rev. Stat. § 29-3001 (Reissue 2016).[1]  Plaintiff alleges "the State of Nebraska is time-barring Nebraska state prisoners who's [sic] final judgments was [sic] entered before the enactment of 2011 L.B. 137, and the repealing statute contains no language of retroactivity."  Filing No. 1 at 1, ¶ 3.  Plaintiff, therefore, brings this action under 42 U.S.C. § 1983 against the Secretary of State of the State of Nebraska, Robert B. Evnen ("Defendant"), in his official capacity seeking "a declaration that 2011 L.B. 137, amending Neb. Rev. Stat. §29-3001 is NOT retroactive" and "injunctive relief to compel Defendant not to time-bar state prisoners who's [sic] final judgment was entered before the enactment of the statute."  Id. at 2, ¶ 4.

Subsequent to filing his Complaint, Plaintiff also filed several motions in which he appears to seek to raise additional federal constitutional and state-law claims related to his previous criminal convictions for manslaughter in the late 1980s and a 2002 conviction

---

[1] As amended in 2011, section 29-3001 provided, in relevant part:

> (4) A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:
>
> (a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;
>
> (b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;
>
> (c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;
>
> (d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or
>
> (e) August 27, 2011.

Neb. Rev. Stat. § 29-3001 (Reissue 2016).  Section 29-3001 recently was amended effective September 2, 2023, to replace "August 27, 2011," with "[t]he date on which the Supreme Court of the United States denies a writ of certiorari or affirms a conviction appealed from the Nebraska Supreme Court."  Neb. Rev. Stat. § 29-3001 (Cum. Supp. 2024).

2

with a habitual offender enhancement. Filing Nos. 14, 15, 16, 17, & 19. Plaintiff alleges in conclusory fashion that he was wrongfully arrested, maliciously prosecuted, and wrongfully convicted and imprisoned based upon false and misleading evidence. *See, e.g.*, Filing No. 15 at 2–4; Filing No. 17 at 1–5. Plaintiff requests a special prosecutor be appointed to investigate his criminal convictions, an evidentiary hearing regarding his claimed constitutional deprivations, and damages against unspecified "defendants." Filing Nos. 14, 15, 16, 17, & 19.

## II. STANDARD OF REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim,

and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

As part of its initial review, this Court also has an independent obligation to determine whether subject matter jurisdiction exists.  See *Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").  "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide.  Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial . . . ."  *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (citation omitted).

### III.  DISCUSSION

Plaintiff brings this action seeking declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, *see* Filing No. 1 at 2, ¶ 6, which provides in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

"The Declaratory Judgment Act does not provide a means for standing or relief." *Mitchell v. Dakota Cnty. Soc. Servs.*, 959 F.3d 887, 897 n.2 (8th Cir. 2020) (citing *Carson v. Pierce*, 719 F.2d 931, 933 (8th Cir. 1983) (stating that the Declaratory Judgment Act requires a controversy appropriate for judicial determination, just like Article III standing)). "'The operation of the Declaratory Judgment Act is procedural only' and does not expand the jurisdiction of federal courts." *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 637 (8th Cir. 2021) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). A declaratory judgment action, like any other claim brought in federal court, must be "definite and concrete, touching the legal relations of parties having adverse legal interests, real and substantial, and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id*. (quoting *McLeod v. General Mills, Inc.*, 856 F.3d 1160, 1166 (8th Cir. 2017)); *see Butler v. Dowd*, 979 F.2d 661, 673 (8th Cir. 1992) ("The test is whether there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). "The Supreme Court has emphasized 'the need . . . to prevent federal court litigants from seeking by declaratory judgment to litigate a single issue in a dispute that must await another lawsuit for complete resolution.'" *Yeransian*, 984 F. 3d at 637 (quoting *Calderon v. Ashmus*, 523 U.S. 740, 748 (1998)).

Here, Plaintiff seeks a declaration that "2011 L.B. 137 amending Neb. Rev. Stat. § 29-3001 is NOT retroactive and the repealing statute contains no indication that it was intended to be applied retroactively" and seeks to "preliminarily and permanently enjoin Defendant, his agents, employees, officials, and all persons acting in concert with him under color of state law, from subjecting Plaintiff to the illegal and unconstitutional acts, and practices set forth" in the Complaint—namely, application of the one-year limitations period in Neb. Rev. Stat. § 29-3001 to time-bar any motion for postconviction relief Plaintiff may file. Filing No. 1 at 5–6, ¶ 20; *see also Id*. at 1–2, ¶¶ 1, 4. As Plaintiff's allegations make plain, there is no actual controversy here; rather, this action is simply a prelude to further litigation in state court. Plaintiff, thus, lacks standing and this case must be dismissed.

United States Supreme Court cases have established that the "irreducible constitutional minimum" of standing consists of three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id*. at 560–61; *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing each element. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent,

6

not conjectural or hypothetical.'" *Id*. at 339 (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id*. (quoting *Lujan*, 504 U.S. at 560 n.1). An injury in fact must also be "concrete" or "de facto"; that is, it must actually exist. *Id*. at 340.

An incarcerated convict's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (federal habeas corpus petition). In this case, though, Plaintiff is not challenging the validity of his conviction. Rather, Plaintiff is essentially complaining that he is effectively barred from challenging the validity of his conviction or convictions in Nebraska courts because of the statute of limitations bar in Neb. Rev. Stat. § 29-3001, as amended in 2011, and he wants this Court to remove that barrier by declaring that the statute of limitations provision in section 29-3001 does not apply to his pre-2011 convictions.

The United States Supreme Court's decision in *Calderon v. Ashmus* is instructive. In *Calderon*, a prisoner filed a class-action for declaratory and injunctive relief challenging the prospective application of the expedited review provisions of Chapter 154 of the Antiterrorism and Effective Death Penalty Act (AEDPA) to California capital convictions. The federal district court declared that California did not yet qualify for expedited review under Chapter 154, and the Ninth Circuit affirmed. The Supreme Court reversed, however, concluding that "this action for a declaratory judgment and injunctive relief is not a justiciable case within the meaning of Article III." *Calderon*, 523 U.S. at 749. The Court explained:

7

> The underlying "controversy" between petitioners and respondent is whether respondent is entitled to federal habeas relief setting aside his sentence or conviction obtained in the California courts. But no such final or conclusive determination was sought in this action. Instead, respondent carved out of that claim only the question whether, when he sought habeas relief, California would be governed by Chapter 153 or by Chapter 154 in defending the action. Had he brought a habeas action itself, he undoubtedly would have obtained such a determination, but he seeks to have that question determined in anticipation of seeking habeas so that he will be better able to know, for example, the time limits that govern the habeas action.
> 
> . . . .
> 
> As in *Coffman* [*v. Breeze Corp.*, 323 U.S. 316 (1945)], respondent here seeks a declaratory judgment as to the validity of a defense the State may, or may not, raise in a habeas proceeding. Such a suit does not merely allow the resolution of a "case or controversy" in an alternative format, as in *Aetna Life Ins.* [*Co. v. Haworth*, 300 U.S. 227 (1937)], but rather attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense, *see Coffman*, *supra*, at 322–324, 65 S.Ct., at 301–303; [*Public Serv. Comm'n of Utah v.*] *Wycoff Co.*, [344 U.S. 237], at 245–246, 73 S.Ct., at 241–242 [(1952)]. The "case or controversy" actually at stake is the class members' claims in their individual habeas proceedings. Any judgment in this action thus would not resolve the entire case or controversy as to any one of them, but would merely determine a collateral legal issue governing certain aspects of their pending or future suits.

*Calderon*, 523 U.S. at 746–47.

The principles stated by the Supreme Court in *Calderon* have been applied by federal courts in other situations where prisoners have sought declaratory relief in an effort to obtain a ruling on an issue related to their convictions or sentences. *See, e.g.*, *Weldon v. Pacheco*, 715 F. App'x 837, 843–44 (10th Cir. 2017) (prisoner could not obtain "piecemeal declarations of law that would dove-tail with his various objections to the procedural-bar defense successfully raised by the State in his habeas case."); *Jenkins v. United States*, 386 F.3d 415, 418–19 (2d Cir. 2004) (declaratory judgment action seeking determination that certain provisions of AEDPA were unconstitutionally restrictive, in limiting prisoner's right to petition for habeas relief, was properly dismissed for lack of

8

standing); *Parker v. Reno*, 232 F.3d 902 (10th Cir. 2000) (unpublished table decision) ("Here, Mr. Parker seeks to use the Declaratory Judgment Act to resolve issues that were actually addressed or that could have been addressed in the prior habeas actions. The Declaratory Judgment Act does not allow such collateral challenges."); *Robinson v. Daniels*, No. CV 16-176-KD-N, 2016 WL 7155803, at *6 (S.D. Ala. Nov. 7, 2016) (prisoner could not obtain declaratory judgment regarding constitutionality of Alabama's sentencing schemes, either to use in a habeas action or to use in lieu of a habeas action), *report and recommendation adopted*, No. CV 16-00176-KD-N, 2016 WL 7155766 (S.D. Ala. Dec. 7, 2016) (dismissing for lack of subject matter jurisdiction); *Knop v. Alabama*, No. 2:07-CV-288-WKW, 2007 WL 1491029, at *2 (M.D. Ala. May 21, 2007) (convicted prisoner could not use Declaratory Judgment Act to challenge constitutionality of Alabama Supreme Court decision and to enjoin its retroactive application); *Griffith v. Wirdell*, No. 8:06-CV-709-T-27EAJ, 2006 WL 4876955, at *2 (M.D. Fla. Nov. 6, 2006) (dismissal warranted where plaintiff was "attempting to gain a litigation advantage in his state post-conviction proceedings by obtaining an advance ruling by this Court that the statute under which he was convicted is violative of the federal constitution").

As the foregoing makes clear, this case does not present an actual case or controversy and Plaintiff has not established Article III standing because the declaration he seeks will not resolve the underlying controversy at issue—specifically, Plaintiff's allegedly invalid criminal conviction or convictions. Plaintiff's attempt to seek a favorable declaration regarding the potential statute of limitations bar to his state postconviction motion would not be a conclusive determination as to the validity of his convictions, but would only determine a "collateral legal issue governing certain aspects of [his] . . . future

suit[]." *Calderon*, 523 U.S. at 747. Accordingly, the Court concludes this case must be dismissed for lack of subject matter jurisdiction.

Additionally, to the extent Plaintiff also purports to bring this action under 42 U.S.C. § 1983 for damages or other relief, the Court cannot address his claims attempting to challenge his state court conviction(s) in an action brought under that section. Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

## IV. OTHER PENDING MOTIONS

### A. Motions Regarding Service of Summons

With his Complaint, Plaintiff filed a praecipe for summons, which the Court docketed as a Motion for Summons. Filing No. 2. Plaintiff subsequently filed several other motions seeking to have the United States Marshals Service serve Defendant, to compel the Clerk of the Court to issue summons to the Marshals so that service could be completed, and to schedule a hearing on his motion to compel service. Filing Nos. 10, 11, 13, 20, 21, & 22. Because the Court has determined that this case must be dismissed for lack of subject matter jurisdiction, this matter will not proceed to service of process

and all of Plaintiff's motions relating to service of his Complaint are denied. The Court will direct the Marshals to refund any fees Plaintiff submitted to the Marshals as prepayment for anticipated service fees. *See, e.g.*, Filing No. 22 (indicating Marshals confirmed receipt of Plaintiff's payment for service fees).

**B. Remaining Motions**

As discussed above, Plaintiff filed several motions in which he raised additional federal constitutional and state-law claims related to his previous criminal convictions and requested, inter alia, appointment of a special prosecutor, an evidentiary hearing, and damages. Filing Nos. 14, 15, 16, 17, & 19. For the reasons previously discussed, this case must be dismissed for lack of subject matter jurisdiction. Accordingly, the Court will deny Plaintiff's remaining motions as moot.

## V. CONCLUSION

The Court does not have subject matter jurisdiction over Plaintiff's claim for declaratory and injunctive relief as alleged in the Complaint. Plaintiff's action, therefore, will be dismissed without prejudice and without further leave to amend, which would be futile. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (dismissal for lack of subject matter jurisdiction should be without prejudice); *Horras v. Am. Cap. Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (district court may deny leave to amend when amendment would be futile).

IT IS THEREFORE ORDERED that:

1. This action is dismissed without prejudice.

2. The Court will enter a separate judgment.

3. Plaintiff's motions related to service of summons, Filing No. 2; Filing No. 10; Filing No. 11; Filing No. 13; Filing No. 20; Filing No. 21; Filing No. 22, are denied.

4. The Clerk of the Court is directed to provide a copy of this Memorandum and Order to the United States Marshals Service. The Marshals Service is directed to refund any payments submitted by Plaintiff for anticipated service fees.

5. Plaintiff's remaining motions, Filing No. 14; Filing No. 15; Filing No. 16; Filing No. 17; Filing No. 19, are denied as moot.

Dated this 22nd day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge